UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WELLONS, INC., an Oregon Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SIA "ENERGOREMONTS RIGA", LTD., a Latvian Limited Liability Company,<br><br>    Defendant. | CASE NO. 3:13-cv-05654<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND A STAY |

This matter comes before the court on Defendant's Motion to Certify Order for Interlocutory Review and Stay Proceedings During the Appeal Process. Dkt. 17. The court has considered the relevant documents and the remainder of the file herein.

                      I.      PROCEDURAL HISTORY

On August 9, 2013, Defendant Sia "Energoremonts Riga" ("SER") filed a motion to dismiss Plaintiff Wellons' complaint for lack of personal jurisdiction, *forum non conveniens*, or comity.

ORDER GRANTING DEFENDANT'S MOTION
FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL AND A STAY- 1

Dkt. 10. The court denied SER's motion. Dkt. 16.

On October 4, 2013, SER filed a motion for reconsideration and alternative motion to certify the court's order for interlocutory appeal. Dkt. 17. In support of reconsideration, SER argued that the court's findings on personal jurisdiction were at odds with the law and the record. *Id.* at 2-9. SER also argued that the *forum non conveniens* factors weighed sufficiently in favor of dismissal. *Id.* at 9-10. On October 18, 2013, the Court denied SER's motion for reconsideration. Dkt. 20.

Now the Court addresses SER's motion to certify for interlocutory appeal. SER argued that this case satisfies the standard 28 U.S.C. § 1292(b), which requires a controlling question of law, a substantial ground for difference of opinion, and that appeal may materially advance the termination of the litigation. Dkt. 17, at 10-13. Wellons filed its opposition on October 17, 2013, arguing that this case presents neither extraordinary circumstances nor substantial grounds for a difference of opinion. Dkt. 19. SER filed its reply on October 25, 2013. Dkt. 23.

II.   DISCUSSION

**A.   Certification for Interlocutory Appeal.**

*1.   Legal Standard.*

SER argues that certification for interlocutory appeal is appropriate and would serve the interests of judicial economy. Dkt. 17, at 10. Pursuant to 28 U.S.C. § 1292(b), three elements must be met for certification to be appropriate:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

ORDER GRANTING DEFENDANT'S MOTION
FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL AND A STAY- 2

1  "The legislative history of § 1292 suggests that it ought to be used 'only in exceptional
2  situations in which allowing an interlocutory appeal would avoid protracted and expensive
3  litigation.'" *United States v. Hoyte*, 2012 WL 1898926 (W.D. Wash. May 24, 2012) (citing *In re*
4  *Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

5        2.      *Certification is Appropriate Pursuant to § 1292(b).*

6      First, the court's order involved a controlling question of law. The question of whether
7  personal jurisdiction can be exercised is a question of law. *Panavision Intern., L.P. v. Toeppen*,
8  141 F.3d 1316, 1319-20 (9th Cir. 1998); *Fed. Deposit Ins. Corp. v. British-American Ins. Co.,*
9  *Ltd.*, 828 F.2d 1439, 1441 (9th Cir. 1987). "[A]ll that must be shown in order for a question to be
10 controlling is that resolution of the issue on appeal could materially affect the outcome of
11 litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026 (internal
12 quotation marks omitted). Reversal of the court's order declining to dismiss for lack of personal
13 jurisdiction would terminate the action in this court, thus materially affecting the action's
14 outcome.

15     The same is true for the effect of applying the doctrine of *forum non conveniens*.
16 Although the application of this doctrine is not always solely a question of law, the United States
17 Supreme Court expressly stated that §1292(b) "provides an avenue for review of *forum non*
18 *conveniens* determinations in appropriate cases." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 530
19 (1988). The Supreme Court did not further elaborate on what constitutes an appropriate case.
20 Because finding in favor of SER on the issue of *forum non conveniens* would in effect dismiss
21 this case entirely, at least from the American judiciary system, this is an appropriate case for
22 interlocutory review of the court's *forum non convenience* determination.

Second, a substantial ground for difference of opinion exists. Wellons opposes certification by objecting exclusively on this element, arguing that the controlling legal standards are clear and personal jurisdiction is not a novel issue. Dkt. 19, at 3. While the legal standards are clear, the application of the facts here to those standards is not. When taken as a whole, the electronic communications, in-person negotiations, future obligations, contract terms, ongoing relationship, contractual nature of the action, and the parties' respective locations increase the complexity of applying the appropriate legal standards and make this a somewhat novel case. This complexity raises legal issues not specifically addressed by prior precedent, and gives rise to a difference of opinion sufficiently substantial to warrant certification. The *forum non conveniens* issues presented are similarly complex.

Finally, immediate appeal may materially advance the termination of this litigation. The court's order addressed threshold issues of personal jurisdiction and *forum non conveniens*, and comity, reversal of which may terminate the litigation in this forum and prevent litigation expenditures that might be wasted if there is a reversal on jurisdiction after trial.

Accordingly, certification is appropriate.

**B.     Stay of Proceedings.**

It is also appropriate to grant SER's motion for stay of this court's proceedings. 28 U.S.C. § 1292(b) provides that an application for an appeal will not stay proceedings in the district court unless the district judge so orders. Stay is appropriate here because reversal of the court's order would terminate the action and prevent Wellons from litigating its claims in this court. It would be inefficient and a waste of resources to continue proceedings while the matter is on appeal. Therefore, the district court proceedings should be stayed pending resolution of appeal. This stay

ORDER GRANTING DEFENDANT'S MOTION
FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL AND A STAY- 4

does not, however, in purpose or operation restrict the parties from engaging in settlement negotiations.

### C. Conclusion

Because this case satisfies the standard provided by 28 U.S.C. § 1292(b), SER's motion for certification should be granted. In the interest of judicial economy, SER's motion to stay should also be granted.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Certify Order for Interlocutory Review and Stay Proceedings (Dkt. 17) is **GRANTED**; this court's September 20, 2013 Order (Dkt. 16) is hereby **CERTIFIED** for interlocutory appeal; and this case is **STAYED** pending the filing of a petition for permission to appeal in the U.S. Court of Appeals for the Ninth Circuit, the disposition of that petition, and the disposition of any appeal permitted by the appellate court. The parties shall **notify the district court within 15 days** of final disposition of this appeal.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of November, 2013.

                                                                ROBERT J. BRYAN
                                                                United States District Judge